484 P.3d 691 Joseph A. GILL and Jani P. Gill, Plaintiffs,
v.Christopher Allen WALTZ and Swift Transportation Company, LLC, Defendants.
Supreme Court Case No. 19SA174 Supreme Court of Colorado.
April 12, 2021
Attorneys for Plaintiffs: Taussig & Smith, P.C., John G. Taussig III, Boulder, Colorado, Law Offices of Sunita Sharma Sunita Sharma, Greeley, Colorado, R. Bruce Fickel, Berthoud, Colorado
Attorneys for Defendants: Hall & Evans, LLC, Paul T. Yarbrough, Daniel J. Bristol, Mamie Ling, Denver, Colorado
Attorneys for Amicus Curiae Coloradans Protecting Patient Access: Messner Reeves LLP, Kendra N. Beckwith, Darren D. Alberti, Denver, Colorado
Attorneys for Amicus Curiae Colorado Defense Lawyers Association: Proctor Brant, P.C., Jesse O. Brant, Englewood, Colorado
Attorneys for Amicus Curiae The Colorado Trial Lawyers Association: Burg Simpson Eldredge Hersh & Jardine, P.C., Jessica L. Derakhshanian, Nelson Boyle, Englewood, Colorado
En Banc
JUSTICE HART delivered the Opinion of the Court. ¶1 As we explain today in Delta Air Lines, Inc. v. Scholle, 2021 CO 20, ––– P.3d ––––, a settlement between a workers' compensation insurer and a third-party tortfeasor for all past medical expenses paid as a result of an on-the-job injury extinguishes the plaintiff-employee's claim to recover damages for those past medical expenses from the third-party tortfeasor.1 As a result, while Joseph Gill may still pursue his claims for noneconomic damages and any economic damages not covered by his workers' compensation insurer, he no longer has any claim to recover economic damages based on services paid for by workers' compensation. There is consequently no reason to present evidence of either the amounts billed or the amounts paid for those services, and the collateral source rule is not implicated in this case.
I. Facts and Procedural History
¶2 In December 2015, Joseph Gill was injured in an on-the-job car accident when he was struck by a truck owned by Swift Transportation Company, LLC ("Swift") and driven by Christopher Waltz. As a result of the injuries he suffered in the accident, Gill obtained workers' compensation benefits through Pinnacol Assurance ("Pinnacol") to cover his medical expenses. Gill's medical providers produced bills totaling $627,809.76 for the services he received. However, because Colorado's workers' compensation scheme caps the amount that medical providers can charge, Pinnacol satisfied all of Gill's past medical expenses for significantly less.
¶3 Pinnacol then pursued, and ultimately settled, its subrogation claim with Swift. Gill and his wife subsequently sued Swift and Waltz for damages resulting from the accident, and the case was removed from state court to the U.S. District Court for the District of Colorado. Swift sought partial summary judgment, relying on the decision in Lebsack v. Rios, No. 16-CV-02356, 2017 WL 5444568 (D. Colo. Nov. 14, 2017), in which the court, applying Colorado's workers' compensation law, concluded that an injured employee lacked standing to pursue damages for services that were covered by workers' compensation after the insurer had settled its subrogated claims with the third-party tortfeasor. While the federal district court was considering Swift's motion, the Colorado Court of Appeals issued its opinion in Scholle v. Delta Air Lines, Inc., 2019 COA 81M, ––– P.3d ––––, rev'd, 2021 CO 20, ––– P.3d ––––. In Scholle, ¶ 53 n.6, a split division disagreed with the reasoning in Lebsack. Instead, it determined that a plaintiff-employee could seek damages for medical services covered by workers' compensation insurance if the billed amounts were higher than the paid amounts, even after the insurer had settled its subrogation claim. Scholle, ¶ 53. And, the Scholle division concluded, if a plaintiff-employee did seek such damages, the collateral source rule would bar admission of any evidence of the amount that the insurance covered. Id. at ¶ 32.
¶4 Noting that the conflict between these opinions "creates uncertainty on the impact of a settlement of a workers' compensation insurance carrier's subrogation claim with the tortfeasor," Magistrate Judge N. Reid Neureiter certified the questions now before us pursuant to C.A.R. 21.1(a). We accepted jurisdiction.
II. Analysis
¶5 The certified questions require us to determine whether the settlement of a workers' compensation insurer's subrogation claim seeking reimbursement of payment for medical services extinguishes the injured employee's claim for economic damages arising out of the same medical services. For the reasons we set forth at greater length today in Scholle, 2021 CO 20, ––– P.3d ––––, it does. ¶6 Under the Workers' Compensation Act ("WCA"), when an insurer pays workers' compensation benefits to or on behalf of an injured employee, the insurer is subrogated to the underlying claims that the employee might have against a third-party tortfeasor. Id. at ¶ 16. This subrogation right authorizes the insurer to, among other options, pursue a claim directly against the tortfeasor. Id. at ¶ 19. If the insurer does so, it stands in the shoes of the injured employee with regard to that claim, and "when an insurer settles the subrogation claim, it is in fact settling the employee's claim." Id. at ¶ 21.
¶7 The insurer's resolution of the subrogated claim only extinguishes an employee's claims to the extent the two claims are co-extensive. As Scholle did in his case, Gill argues here that the claims are not co-extensive. Instead, he asserts that the subrogation right must be limited to the amount actually paid by the insurer and that an employee retains the right to seek damages for the difference between the amounts paid by the insurer and the amounts billed by medical service providers. We disagree. ¶8 The WCA entitles an employee injured on the job to receive whatever medical treatment "may reasonably be needed at the time of the injury" or thereafter to relieve the effects of the injury. § 8-42-101(1)(a), C.R.S. (2020). And the insurer's subrogation right applies to all medical benefits and expenses that the employee is entitled to under the WCA. § 8-41-203(1)(c), C.R.S. (2020). The subrogation right therefore covers the employee's "claim to compensation for all medical treatment that was reasonably needed to relieve him from the effects of his on-the-job injury and that [the insurer] paid for." Scholle, ¶ 25. ¶9 Thus, when Pinnacol settled with Swift, the settlement extinguished any claim for damages arising out of the services for which Swift paid. There is no claim for the difference between amounts billed and amounts paid that survives Pinnacol's settlement of the claim for damages arising out of those services. ¶10 Our conclusions here and in Scholle in no way limit an injured employee's right to pursue economic damages not fully covered by workers' compensation such as lost wages, physical impairment, or non-covered medical services. And because workers' compensation benefits only cover economic damages, an injured employee can also pursue any noneconomic damages against a third-party tortfeasor.
III. Conclusion
¶11 Gill's claim for past medical expenses was extinguished when Pinnacol resolved its subrogation claim with Swift. Because Gill no longer has a claim for damages arising out of past medical services covered by Pinnacol, there is no reason to present evidence of either amounts billed or amounts paid for those medical services, and the pre-verdict evidentiary component of the collateral source rule is not at issue. We return this case to the U.S. District Court for the District of Colorado for further proceedings.
JUSTICE GABRIEL dissents, and JUSTICE HOOD and JUSTICE
BERKENKOTTER join in the dissent.
JUSTICE GABRIEL, dissenting.
¶12 Answering two certified questions from the United States District Court for the District of Colorado, the majority, relying on our decision today in Delta Air Lines, Inc. v. Scholle, 2021 CO 20, ––– P.3d –––– , concludes that plaintiff Joseph Gill's claim for past medical expenses was extinguished when Pinnacol Assurance resolved its subrogation claim with defendant Swift Transportation Company, LLC. Maj. op. ¶ 9. The majority thus further concludes that because Gill no longer has a claim for damages arising out of past medical services covered by Pinnacol, there is no reason for him to present evidence of either the amounts billed or paid for those medical services, and therefore the collateral source rule is not at issue in this case. Id.
¶13 For the reasons set forth in my dissent in Delta Air Lines, I disagree with both determinations and would conclude, instead, that the pertinent statutes expressly preserved Gill's claim for his past medical expenses, subject to Swift's right to set off any amounts that it paid in settling Pinnacol's subrogation claim. Accordingly, unlike the majority, I would conclude that the collateral source rule is at issue here, and applying that rule to the facts before us, I would further conclude that evidence of the amount of workers' compensation benefits that Pinnacol paid would be inadmissible in the trial of any claim by Gill against Swift and, conversely, evidence of the reasonable value of the medical services provided to Gill would be admissible in the trial of such a claim.
¶14 Accordingly, responding to the district court's certified questions, I would conclude that (1) subject to the tortfeasor's right to a setoff, a plaintiff has standing to seek damages for personal injuries that were paid, in part, by workers' compensation insurance, when the insurer has settled its subrogation claim directly with the tortfeasor, and (2) in a claim against the tortfeasor, the plaintiff may present evidence of the billed amount of medical expenses, notwithstanding the fact that the tortfeasor has paid a portion of such medical expenses by settling the workers' compensation insurer's subrogation claim.
¶15 For these reasons, I respectfully dissent.
I am authorized to state that JUSTICE HOOD and JUSTICE BERKENKOTTER join in this dissent.
1 We accepted jurisdiction under C.A.R. 21.1 to answer the following certified questions of law from the U.S. District Court for the District of Colorado:
1. Does the plaintiff have standing to seek damages for personal injuries that were already paid by workers' compensation insurance, where the insurer has settled its subrogation claim directly with the tortfeasor-defendant?
2. May a plaintiff present evidence of his billed amount of medical expenses, where the tortfeasor-defendant has paid the same medical expenses by settling the worker's compensation insurer's subrogation claim?